# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVSION

| | |
|---|---|
| KRISTOPHER ALLEN SHIEL, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | 2:17-CV-12267-TGB <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter is before the Court on Magistrate Judge Mona K. Majzoub's report and recommendation of June 18, 2018 (Dkt. 15), recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely

objections (Dkt. 16) to the report and recommendation; Defendant filed a response (Dkt. 17) to Plaintiff's objections. A District Court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

The Court has reviewed Magistrate Judge Majzoub's report and recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

## ANALYSIS

*A. The Social Security Act*

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental

2

impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if []he cannot, in light of h[is] age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. Id. § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. See id. Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. Id. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. Id. §

> 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. Id. § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. Id. § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. See id. § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. See id.; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that []he is precluded from performing h[is] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required

to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). If the Appeals Council denies review, then the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's

decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

**B. The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff raises four objections to the Report and Recommendation, namely, that Magistrate Judge Majzoub: (1) erred in finding that substantial evidence supported the ALJ's conclusion that Plaintiff had no physical limitations; (2) erred in concluding that the ALJ properly assessed Plaintiff's mental limitations; (3) erred in finding that the ALJ properly evaluated the opinion evidence; and (4) that the previous three alleged errors resulted in the ALJ asking improper hypothetical questions to the Vocational Expert. As discussed below, none of these objections warrants disturbing Magistrate Judge Majzoub's recommendation.

Plaintiff's first objection – that the ALJ improperly found no physical limitations – is not well-taken. Plaintiff points to a November 2013 MRI that indicates that he suffers from degenerative disc disease of the lumbar spine (Tr. 363-364). The ALJ took note of these records, but also noted that an examination in January 2015 indicated that Plaintiff

"was not in any acute distress, had a normal gait and full strength in all four extremities" (Tr. 386). After weighing this evidence, the ALJ did not adopt any physical limitations in the RFC. This was not error, as substantial evidence supported this finding. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence). Magistrate Judge Majzoub also correctly found that the doctors who recorded Plaintiff's "symptoms and suggested possible pathologies" did not offer "any opinion regarding functional limitations from those symptoms" (Dkt. 15 at 7). In sum, neither the ALJ nor the Magistrate Judge made an error in "declining to adopt functional limitations based on [the doctors'] treatment records" (*Id.*); cf. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (existence of medical impairment cannot establish the severity of an impairment under the Act). This objection is thus overruled.

Plaintiff next objects that the ALJ did not properly account for all of Plaintiff's mental limitations, in the aggregate. Specifically, Plaintiff argues that "the [ALJ] and the Magistrate Judge needed to do a more

7

complete job of analyzing whether the RFC accurately describes what [he] is still able to do despite his impairments" (Dkt. 16 at 6-8). The ALJ relied on two mental health functional assessments in the record to determine the RFC (Tr. 29, 70-73, 81-84, 277-80, Pg IDs 53, 95-98, 106-109, 303-306). Dr. Pinaire opined Plaintiff had numerous "moderate" functional limitations due to his ADHD and affective disorder (Tr. 71-72, 82-83, Pg IDs 96-97, 107-108). The ALJ limited Plaintiff to "simple, routine tasks, in work that has only occasional changes in the work setting, and that involves only occasional interaction with the general public, coworkers and supervisors." Plaintiff contends that, because Dr. Pinaire opined that he had moderate limitations in so many areas of functioning, it is not clear whether the RFC incorporated all of his limitations (Dkt. 16 at 6). Dr. Pinaire gave a specific functional assessment of Plaintiff's overall limitations, considering the combination of his multiple moderate limitations. The ALJ properly relied on that opinion to assess Plaintiff's overall functional capacity. Plaintiff points to no specific evidence in the record that warrants a more restrictive RFC. This objection is overruled.

Plaintiff's third objection is that the ALJ failed to properly consider the GAF scores from Drs. Williams and Gardiner and the opinions of Drs. Sabbagh and Thomas (Dkt. 16 at 8-12); (Dkt 12 at 16-18); (Dkt. 15 at 10-12). Defendant correctly points out that the "GAF is a clinician's subjective rating of an individual's overall psychological functioning. A GAF score may help an ALJ assess mental RFC, but it is not raw medical data." *Kennedy v. Astrue*, 247 Fed. App'x 761, 766 (6th Cir. 2007). Furthermore, the Commissioner "has declined to endorse the [GAF] score for 'use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *DeBoard v. Comm'r of Social Security*, 211 Fed. App'x. 411 (6th Cir. 2006). Magistrate Judge Majzoub correctly noted that Drs. Williams and Gardiner did not provide a rationale in support of the GAF scores assigned (Dkt. 15 at 11). This objection is not well-taken.

Finally, Plaintiff objects that the hypothetical questions that the ALJ presented to the vocational expert during the hearing were marred by the errors alleged in Plaintiff's first three objections. Since, as noted above, Plaintiff's first three objections are not sufficient to disturb

Magistrate Judge Majzoub's recommendations, this objection is also not well-taken.

In sum, Plaintiff's objections do not warrant disturbing Magistrate Judge Majzoub's recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Majzoub's report and recommendation (Dkt. 15) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (Dkt. 12) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 29, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager